Barbour, Ch. J.
(dissenting). This was an action to recover the difference between the contract price and the actual value of eighty-four cases of‘ hats, contracted to be sold by the plaintiffs to the defendants.
The testimony of the witnesses upon the trial showed that an agreement was made between the plaintiffs, who were hat manu *610 facturers, and the defendants, whereby the latter undertook to purchase, and the former to sell and deliver, the hats in question, at and for the price of two dollars per dozen over and beyond the cost of manufacture. Evidence was also given on the part of the defendants, tending to prove that when that bargain was made, and as a parí and parcel thereof, the plaintiffs also undertook and promised to furnish the defendants with a detailed statement of the mixtures used in making the hats, so as to enable the latter 'to estimate their cost; and the plaintiffs gave testimony tending to show that such promise to furnish a statement formed no part of the contract of sale, but was .made subsequently thereto, and was entirely independent .of it.
Sobn after the making of the .contract, the hats were sent by the plaintiffs to the defendants, but without any bill or statement showing the mixtures or the cost of the goods. The defendants thereupon telegraphed and wrotfe several times to the plaintiffs for the promised statement, and, not being able to obtain such an one as was satisfactory to themselves, finally returned the hats to the plaintiffs, upon the ground that the promise to furnish the statement was a part of the main contract, and that they were not bound to take and pay for the goods unless it was furnished to them. Upon the return of the hats, the plaintiffs sold them at auction, after notifying the defendants (of the intended sale, and then brought this suit.
The plaintiffs were permitted, against the objection and exception of the defendants, to prove upon the trial, by the production of certain extracts from a book of theirs, called a “ lot-book,” and the testimony of witnesses, the sums at which they had estimated in detail the cost to themselves of the various parcels of hats which were sent to the defendants. But the evidence given upon the trial to prove what the actual cost of the hats really was, was wholly insufficient fpr that purpose; and so the court ultimately charged, the jury. When the plaintiffs rested their case the defendants moved to dismiss the complaint, upon the ground of the entire failure of the plaintiffs to prove the cost of the hats, which motion was denied, and an exception *611 taken. Several other exceptions were also taken during the progress of the trial, and upon the charge of the court.
I know of no principle of law which would have allowed the introduction of the extracts from the plaintiffs’ “ lot-hook,” to prove the sums at which the plaintiffs had estimated or calculated the cost of the hats, together with the further evidence upon that subject, imless it was done for the purpose of enabling the plaintiffs to prove that they had acted in good faith in sending to the defendants the statements showing what the former really believed to have been the cost of the hats, and had thus substantially performed that part of the agreement which required them to send a statement of the cost to the defendants. Upon that theory, and to enable the plaintiffs to show that even if the agreement to furnish such statements was to be considered as a condition precedent to a demand of payment, it may be that the evidence was properly admitted; for, it will be borne in mind, it was a statement merely, and not legal evidence, that was to be furnished. In the view I take of a much more important question, however, I deem it unnecessary to express an opinion upon that point.
In his charge, the learned justice told the jury sxibstantially that it was for them to determine what the terms of the contract were, and if they should find the agreement to have been that the defendants were to pay such cost as the manufacturers had assigned to the goods on making up their statement, with two dollars per dozen added thereto, then the plaintiffs were entitled to recover; and the verdict,"undoubtedly, was based upon that direction.
As the evidence upon the agreement touching the statements to be fxxrnished to the defendants and the details of the estimates d'f cost which the plaintiffs had entered in their “ lot-book,” was exceedingly voluminous and complicated, it is not surprising that the judge should have fallen into the error of supposing, as he evidently did, that some evidence. had been given that the estimate which the plaintiffs had made and placed upon their “ lot-book ” as the cost of the hats was, by the terms of the contract, *612 to be considered and taken as the “ cost of manufacture ” mentioned therein, and agreed upon. In fact, however, the plaintiff and the defendant who made the agreement both stated, in their testimony, that the price was to be two dollars per dozen over and above the cost; or, rather, to be more exact, the plaintiff said that the price was to be “ two dollars per dozen over the cost of manufacture,” while the defendant stated it to be “ two dollars a dozen profit, above the costs; ” and there was no evidence, so far as I have been able to discover, tending to show that the parties, or either of them, then attached any meaning to the word “ cost,” other than its legitimate and usual one. When, therefore, the learned judge told the jury that the plaintiffs had not proved what the actual cost of the goods was, he virtually determined the action in favor of the defendants, and the further direction to the jury, which is the subject of the exception under consideration, was consequently erroneous; and, for that reason, as well as because the court erred in refusing to dismiss the complaint, the judgment should be reversed and a new trial directed, with costs to abide the event.
I may add, I think, without impropriety, that I am unable to perceive any principle upon which the plaintiffs can be entitled to recover in this action, unless they succeed in proving upon the trial what the goods actually cost, or that the term “ cost,” or “ cost of manufacture,” as employed by the contracting parties, had, >in the trade, or in mercantile parlance, a definite though technical meaning, different from that which the words themselves impart in their ordinary use. It may be difficult, or even impossible, for them to do this ; but, if so, that will not be the fault of the law or of the court, but that of the plaintiffs themselves, who should have seen to it that their bargain was such an one as they would have the power of enforcing by means of proper proofs.